UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FAMIDA MOHAMMAD,<br><br>                              Plaintiff,<br>-v-<br><br>THE CITY OF NEW YORK; New York City Police Department ("NYPD") Officer ("P.O.") SCOTT SAMARISI (Shield No. 9187); P.O. DAVE SHUYAN LAM (Shield No. 7814); P.O. DAVE WILLIAMS (Shield No. 18287); and P.O. JEW WEI SHIH (Shield No. 5715); In their individual capacities;<br><br>                              Defendants. | **SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Index No. 12-CV-2669 (ENV) (MDG)<br><br><br>**ECF CASE** |

---

This action arises out of the excessive force used by defendant New York City Police Department ("NYPD") officers against plaintiff FAMIDA MOHAMMAD ("Ms. MOHAMMAD"), resulting from her proximity to her son's concurrent assault by the same NYPD officers. Ms. MOHAMMAD, by her attorneys DAVID B. RANKIN and JANE L. MOISAN of the Law Office of Rankin and Taylor, as and for her second amended complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate Ms. MOHAMMAD's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, <u>as amended</u>, codified as 42 U.S.C. § 1983; under the Civil Rights Act of 1870, <u>as amended</u>, codified as 42 U.S.C. § 1981; and the laws of the State of New York.

1

2. Ms. MOHAMMAD's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, and used unlawful force against her.

3. Upon information and belief, the individual defendants' use of excessive force arose from a perception of Ms. MOHAMMAD's and her family's ethnicity, race, religion and nationality, rather than any indication of criminal conduct on her part. But for the individual defendants' perception of Ms. MOHAMMAD's family religion and ethnicity, as evidenced by the ethnic and religious insults and abusive language used by the individual defendants throughout the incident complained of, such injurious and unlawful behavior would not have ensued. By reason of defendants' actions and inaction, Ms. MOHAMMAD was deprived of her constitutional rights.

4. Ms. MOHAMMAD seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (3-4).

6. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of the Fourth and Fourteenth Amendments of the Constitution of the United States.

7. Pursuant to New York State General Municipal Law § 50-E, Ms. MOHAMMAD filed a timely Notice of Claim with the New York City Comptroller on or about December 16, 2011. Thus, this Court has supplemental jurisdiction over Ms. MOHAMMAD's claims against defendants under the laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. §

1367(a). Ms. MOHAMMAD's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

8. Venue is proper pursuant to 28 U.S.C. §1391(b) in that Ms. MOHAMMAD's claims arose in the Eastern District of New York.

9. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

10. Ms. MOHAMMAD is a Pakistani, Muslim female and, at all times relevant to this action, was a resident of Kings County, in the State of New York.

11. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

12. Defendants SCOTT SAMARISI (Shield No. 9187) ("SAMARISI"), DAVE SHUYAN LAM (Shield No. 7814) ("LAM"), DAVE WILLIAMS (Shield No. 18287) ("WILLIAMS"); and P.O. JEW WEI SHIH (Shield No. 5715) ("SHIH") (collectively referred to as the "individual defendants") were at all times relevant herein officers, employees and agents of the NYPD. At all times relevant to this action, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in

3

them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

13. The individual defendants are being sued in their individual capacities.

14. Defendants' acts herein complained of were carried out intentionally, recklessly, with malice and gross disregard for Ms. MOHAMMAD's rights.

## STATEMENT OF FACTS

15. The incident alleged herein occurred principally on December 5, 2011 at approximately 2:30 a.m. and thereafter in the vicinity of 1362 Coney Island Avenue, Brooklyn, New York 11230.

16. At the time and location described, *supra*, Ms. MOHAMMAD was at home when she heard her teenage son, "H.M.," cry out from his location inside the vestibule of the apartment building's entrance.

17. Upon hearing her son cry out, Ms. MOHAMMAD rushed to the vestibule.

18. Upon information and belief, the individual defendants had entered the first exterior front door to the apartment building and were attempting to force open a second inside door leading to the apartment's stairway when the second door caught H.M.'s foot and caused H.M. to cry out.

19. Ms. MOHAMMAD rushed to her son aide and informed the individual defendants on the other side of the door that, in sum and substance, her son's foot was trapped under the door, and she requested they speak with her.

20. Ms. MOHAMMAD immediately began pulling her son's leg in order to free it from the door, fearful the individual defendants' excessive and unreasonable use of continued force against the door would cause her son's foot to break, and telling them so.

4

21. During this time, defendant SAMARISI reached through the partially-open door and unloaded pepper spray into the tight area, causing pepper spray to go into H.M.'s and Ms. MOHAMMAD's faces, noses, and mouths.

22. The defendants SAMARISI and LAM pushed through the door with such force as to knock Ms. MOHAMMAD and her son backward and to the ground, and causing Ms. MOHAMMAD's head to strike the ground.

23. As Ms. MOHAMMAD lay on the floor, defendant SAMARISI entered the tight area and continued to pepper spray Ms. MOHAMMAD and her son.

24. Ms. MOHAMMAD then witnessed the individual defendants yank up her son from the ground, throw him against the wall and beat him in the face and body. During this beating, her son's blood hit her and she fainted.

25. When Ms. MOHAMMAD regained consciousness, she witnessed H.M. lying on the sidewalk, so bloody and beaten she did not immediately recognize him, and feared for his life.

26. During the time and location described, *supra*, the individual defendants made ethnic and religious slurs against Ms. MOHAMMAD and her family, including swearing at her while demeaning her speech and accent, and saying, "HOW CAN YOU RAISE UP YOUR KIDS LIKE THAT?"

27. Ms. MOHAMMAD and her son were taken to the Coney Island Hospital in an ambulance. Ms. MOHAMMAD received treatment for pepper spray.

28. As a result of this incident, Ms. MOHAMMAD suffered physical, psychological and emotional injuries, including the inability to seek assistance from law enforcement, and injury to the back of her head, and to her neck, back, arm and hands, resulting in pain and

numbness for which she has had to seek medical care. These physical injuries cause constant pain and prevent Ms. MOHAMMAD from working and performing daily tasks including cooking or writing.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (All Defendants)

29. Ms. MOHAMMAD incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. The individual defendants, under color of state law, subjected Ms. MOHAMMAD to the foregoing acts and omissions, including the use of excessive force in injuring Ms. MOHAMMAD while forcing their way through the apartment door and with the use of pepper spray, thereby depriving Ms. MOHAMMAD of her rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of her person, including the excessive use of force; (b) freedom from deprivation of liberty without due process of law; and (c) the enjoyment of equal protection, privileges and immunities under the laws.

31. Defendants' deprivation of Ms. MOHAMMAD's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. § 1983
### (Defendants Dave Williams and Jew Wei Shih)

32. Ms. MOHAMMAD incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

34. Defendants WILLIAMS and SHIH were present for the above-described incident and witnessed defendants SAMARISI and LAM use excessive force and issue ethnic and religious slurs against Ms. MOHAMMAD.

35. The use of force was obviously excessive, unreasonable and unjustified under the circumstances, yet defendants WILLIAMS and SHIH failed to take any action or make any effort to intervene, halt or protect Ms. MOHAMMAD from being subjected to defendants SAMARISI and LAM's clear consitutional violations.

36. The failure of defendants WILLIAMS and SHIH to intervene in the violations to Ms. MOHAMMAD's constitutional rights resulted in the injuries and damages set forth above.

## THIRD CLAIM
### EQUAL RIGHTS UNDER THE LAW – 42 U.S.C. § 1981
**(All Defendants)**

37. Ms. MOHAMMAD incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. The individual defendants under color of state law, acting individually and in concert, intentionally discriminated against Ms. MOHAMMAD in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States on the sole basis of their perception of Ms. MOHAMMAD's race, ethnicity and/or national origin, , by, without any cause or provocation whatsoever, using excessive and unreasonable force and issuing ethnic and religious slurs.

7

39. Because of the aforesaid acts committed by the individual defendants solely as a manifestation of discrimination against Ms. MOHAMMAD, Ms. MOHAMMAD suffered loss of her liberty; received serious and likely permanent physical injuries necessitating medical treatment; suffered mental upset, anguish and disturbance; and lost income from her employment.

## FOURTH CLAIM
## ASSAULT AND BATTERY
## UNDER THE LAWS OF THE STATE OF NEW YORK
(Defendants City of New York, Scott Samarisi and Dave Shuyan Lam)

40. Ms. MOHAMMAD incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By the actions described above, including the excessive and unjustified use of forced by defendants SAMARISI and LAM in entering the apartment and the use of pepper spray by defendant SAMARISI, defendants SAMARISI and LAM did inflict assault and battery upon Ms. MOHAMMAD. The acts and conduct of defendants SAMARISI and LAM were the direct and proximate cause of injury and damage to Ms. MOHAMMAD and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42. The conduct of the defendants SAMARISI and LAM alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to Ms. MOHAMMAD pursuant to the state common law doctrine of respondeat superior.

43. As a result of the foregoing, Ms. MOHAMMAD was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

44. Ms. MOHAMMAD demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, Ms. MOHAMMAD demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That she be awarded punitive damages against the individual defendants; and

c. That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         November 22, 2013

Respectfully submitted,

By: _____
Jane L. Moisan
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Ste. 914
New York, New York 10007
t: 212-226-4507

9